[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11063

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

*versus*

WILFREDO GONZALEZ ARCE,

                                                        Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:10-cr-20672-KMM-6

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Wilfredo Arce appeals his sentence of 26 months' imprisonment following the revocation of his supervised release. He argues that his sentence is substantively unreasonable because the district court failed to "meaningfully consider" his personal or individual history and varied upward solely based on his criminal history while on supervised release. After thorough review, we affirm.

We review a sentence's reasonableness for abuse of discretion, regardless of whether that sentence falls inside or outside of the guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the [18 U.S.C.] § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).[1] Under this standard, we will affirm a sentence even if we would have imposed a different sentence had we

---

[1] When imposing a sentence upon revocation of supervised release, the district court considers the following § 3553(a) factors: the nature and circumstances of the offense; the defendant's history and characteristics; the sentences available and relevant sentencing range; the need to deter criminal conduct, protect the public, provide the defendant with training or other correctional treatment, avoid disparities between defendants, and provide for restitution; and any pertinent policy statements. 18 U.S.C. §§ 3583(e)(3), 3553(a)(1), (a)(2)(B) (D), (a)(4)-(7).

been in the district court's position. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

The district court's "unjustified reliance on a single factor may be a symptom of an unreasonable sentence." *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (quotations omitted). "However, significant reliance on a single factor does not necessarily render a sentence unreasonable." *Id.* Notably, we "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor," *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015), and the district court is "permitted to attach great weight to one factor over others," *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotations omitted). A sentence is substantively unreasonable only when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (quotations omitted). Indeed, we will vacate a sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotations omitted).

Section 3553(a)'s "overarching" instruction to sentencing courts is that any sentence must be sufficient but not greater than

necessary to comply with the purposes listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); 18 U.S.C. § 3553(a). "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *Goldman*, 953 F.3d at 1222. When a district court varies from the guideline range, its "justifications must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotations omitted). However, the district court is not required to discuss each of the § 3553(a) factors or explicitly state that it considered each of the factors. *Kuhlman*, 711 F.3d at 1326. Rather, it must acknowledge that it considered the factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

Here, Arce has not shown that his 26-month sentence -- following the revocation of his supervised release -- is substantively unreasonable. See *Rosales-Bruno*, 789 F.3d at 1256. As the record reflects, Arce was originally convicted of and sentenced for conspiracy to possess with intent to distribute a controlled substance, and served 15 months' imprisonment. However, while he was serving the term of supervised release that followed, Arce violated its terms by committing fraud; leaving the judicial district without permission; failing to report to the probation officer as directed; associating with a convicted felon; failing to notify the probation officer within 72 hours of being arrested; and submitting monthly reports

with false information. As a result, Arce's term of supervised released was revoked and he was sentenced to another 10 months' imprisonment.

While he was on supervised release following this 10-month term of imprisonment, Arce violated the terms of his supervised release once again. This time, his supervised release was revoked for burglary, theft, and failing to contact his probation officer by the terms of his bond, among other things, and he was sentenced to a 26-month term of imprisonment -- the one at issue in this appeal. Arce's primary argument to us is that the district court erred when it sentenced him this time because it only considered one factor -- his history while on supervised release. However, the record reveals that the district court expressly considered several of the other § 3553(a) factors, including the need to promote respect for the law, the need to promote specific deterrence, and his underlying conduct. The court also said that it had carefully considered the statements of all parties, which included Arce's arguments at sentencing and his and his wife's testimony.

On this record, we cannot say that the court failed to consider Arce's personal or individual history. Rather, it exercised its discretion to weigh other factors more heavily. *See Perkins*, 787 F.3d at 1342; *Riley*, 995 F.3d at 1279. These factors centered on Arce's violation of supervised release -- *two times* -- by committing serious offenses like fraud and burglary, his evasion of arrest for over two years, and his lying to police. The district court was well

within its discretion to weigh the factors in the way it did in this case.

Accordingly, the district court did not abuse its discretion in sentencing Arce above the guidelines' range to 26 months' imprisonment. We therefore affirm Arce's sentence.

**AFFIRMED.**